# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JERMAR WYNEAL GIBSON,

      Petitioner,             Case Number 2:18-CV-11785
                              HONORABLE DENISE PAGE HOOD
v.                         CHIEF UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jermar Wyneal Gibson, ("Petitioner"), confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for three counts of first-degree premeditated murder, M.C.L.A. 750.316(1)(a). For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner was convicted in the Wayne County Circuit Court, in which he was tried jointly with co-defendant Duane Thomas. A third co-defendant, petitioner's brother, Roderick Gibson, had previously been convicted of several crimes at an earlier joint trial, in which the jury had been unable to reach a verdict with respect

1

to petitioner and Mr. Thomas.  This Court recites verbatim the relevant facts relied

upon by the Michigan Court of Appeals, which are presumed correct on habeas

review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413

(6th Cir. 2009):

> Defendants' convictions arise from the June 4, 2011, shooting deaths
> of Curtis Burnett, Gary Owens, Jr., and Shemar Johnson. The
> prosecution's theory was that the shooting was a setup, arranged by
> Jermar, because he owed Owens a substantial amount of money. After
> Jermar made arrangements to meet with Owens, Owens arrived in a
> vehicle with Burnett and Johnson. Jermar flagged down Owens's car.
> When the car stopped, Roderick and Thomas both proceeded toward
> the car and fired guns into the vehicle, killing all three occupants.
> Thomas also received a gunshot wound during the offense. The
> prosecution's primary witness at trial was Cleophus Pye, who had
> known all three defendants for many years. Pye claimed that he heard
> Roderick and Jermar planning the crime beforehand, and witnessed the
> actual shootings. A fourth codefendant, Omar Johnson, was also tried
> jointly with the other three defendants at the original trial in September
> 2012, but he opted for a bench trial. Omar was charged for his role in
> assisting the defendants after the shooting. The trial court found Omar
> guilty of tampering with evidence, MCL 750.483a, accessory after the
> fact, MCL 750.505, and felony-firearm.

*People v. Gibson*, No. 315933, 2015 WL 447197, at *1 (Mich. Ct. App. Feb.
3, 2015).

Petitioner's conviction was affirmed. *Id., lv. den.* 498 Mich. 884, 869 N.W.

2d 586 (2015).

Petitioner filed a post-conviction motion for relief from judgment pursuant to

M.C.R. 6.500, *et. seq.,* which was denied. *People v. Gibson,* No. 11-009271-FC

(Third Jud.Cir.Ct. Crim. Div., Feb. 15, 2017).  The Michigan appellate courts denied

petitioner leave to appeal. *People v. Gibson*, No. 337347 (Mich.Ct.App. May 25,

2017); *lv. den.* 501 Mich. 1080, 911 N.W.2d 726 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The evidence presented at trial was insufficient to support the Defendants [sic] convictions for three counts of first degree murder. That is, that he actively participated.

II. The Defendant was denied effective assistance of counsel wherein trial counsel failed to object or argue at trial the statements made by a non-testifying codefendant.

III. The Defendant was denied his constitutional right to confrontation as guaranteed by the Sixth Amendment wherein statements of a non-testifying co-defendant were admitted.

IV. The Defendant's convictions was against [sic] the great weight of the evidence.

V. Defendant state and federal constitutional right to effective assistance of trial counsel as guaranteed by the Sixth Amendment was violated when trial counsel (A) failed to call phone expert witness Sgt. Michael McGinnis that would have testified that Gary Owens made the first calls to Defendant phone, by definition making Gary Owens the aggressor. (B) failed to impeach state's witness false and/or inconsistent testimony during trial. (C) failed to effectively crossexamine state's witness in regard to the caliber of the firearm Defendant had lawfully in his possession. (D) allowing the prosecutor to state facts not in evidence during closing argument about Defendant fleeing the state of Michigan when there was absolutely no evidence presented during trial to support such arguments.

VI. Defendant's state and federal constitutional right to effective assistance of appellate counsel as guaranteed by the Sixth Amendment

was violated when appellate counsel (A) failed to raise meritorious trial errors in appellate brief, despite Defendant having brought it to appellate counsel attention. (B) failure to present Defendant with a copy of the finished appellant brief and not informing Defendant on the arguments raised in the appellant brief. (C) failure to render full and effective assistance, because of pending investigation from the attorney discipline board for multiple ethics violations. which [sic] subsequently appellate counsel was found to be culpable of those violations.

VII. Defendant state [sic] and federal constitutional right to a fair trial and due process was violated when (A) trial court abused it's [sic] discretion by not allowing state's material witness phone records to be admitted at trial, regarding the credibility of the witness. (B) allowing testimony from prosecutor's material witness to be admitted during trial regarding threats made against his life, fully acknowledging that these threat's [sic] didn't come from Defendant. (C) trial court making judicial bias statements during jury instructions when stating that "this case is about an vendetta [sic]" when no evidence was ever presented during trial regarding an vendetta [sic]. (D) trial court violated Defendant's constitutional Fifth Amendment right to remain silent, by stating to the jury that "I'm not inadvertently sure Defendant has the absolutely constitutional right to remain silent".

VIII. Defendant was denied a fair trial and constitutional due process rights due to prosecutorial misconduct when (A) during closing argument prosecutor made repeated prejudicial comments regarding Defendant fleeing the state of Michigan, despite never presenting any evidence during trial to support this claim. (B) misrepresenting the facts during closing arguments, prodding the jury to believe that Defendant called Gary Owens first at 11:55PM making Defendant the aggressor, fully acknowledging that phone expert Sgt. Michael McGinnis testified at the first trial that Gary Owens contacted Defendant the initial three times starting at 11:09AM on the day in question. (C) misleading the, jury by burden shifting during closing arguments, forcing the jury to find Defendant guilty because Defendant didn't call 911 after the shooting occurred. (D) allowing Det. Maye to violate Defendant's right

to remain silent during trial by stating that "of course when I went to talk to them once they arrested them they requested attorneys". At no time did the prosecutor cure nor correct the witness or record.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply

5

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. DISCUSSION

### A. Claims # 1 and # 4.  The insufficiency of evidence/great weight of the evidence claims.

Petitioner in his first claim argues that there was insufficient evidence to convict him of three counts of first-degree murder.  In his related fourth claim, petitioner argues that the verdict went against the great weight of the evidence.

Taking petitioner's fourth claim first, a federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *See Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *See also Nash v. Eberlin*, 258 F. App'x 761, 764, n. 4 (6th Cir. 2007)("a manifest-weight-of-the-evidence argument is a state-law argument"); *Artis v. Collins,* 14 F. App'x 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence).  A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796; *See also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003).  The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648.  As

long as there is sufficient evidence to convict petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*   Other circuit courts have held that a claim that the jury verdict in a state criminal trial went against the great weight of the evidence is non-cognizable on federal habeas review. *See McKinnon v. Superintendent, Great Meadow Correctional Facility*, 422 F. App'x 69, 75 (2d Cir. 2011); *Young v. Kemp*, 760 F. 2d 1097, 1105 (11th Cir. 1985).   Because the Supreme Court has never recognized a state prisoner's constitutional right to a new trial because the verdict was against the great weight of the evidence, petitioner's contention concerning the weight of the evidence fails to state a cognizable federal claim. *Walker v. Curtin*, No. 1:10–cv–1267; 2011 WL 285152, * 3 (W.D. Mich. Jan. 5, 2011).   Petitioner is not entitled to relief on his fourth claim.

Petitioner in his first claim argues that there was insufficient evidence to show that he participated in the murders.

The Michigan Court of Appeals rejected petitioner's claim:

Although Jermar argues that he was merely present when Roderick and Thomas shot the victims, the evidence supported an inference that Jermar actively assisted in the commission of the offenses. The evidence indicated that Jermar lured the victims to the location where Thomas and Roderick were waiting for them, and that Jermar announced the victims' arrival just before Roderick and Thomas began their siege on the vehicle. This evidence supported an inference that Jermar was acting in concert with Roderick and Jermar. The evidence also supported an inference that Jermar had a motive to set up the confrontation because he owed a substantial amount of money to

8

Owens. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that Jermar aided and abetted the premeditated killing of the three victims.

*People v. Gibson*, 2015 WL 447197, at * 5.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such

evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)(internal quotation omitted); *See also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008)("A conviction may be sustained based on nothing more than circumstantial evidence.").   Moreover, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003)(quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 n.17 (1957)); *See also Holland v. United States*, 348 U.S. 121, 140 (1954)(circumstantial evidence is "intrinsically no different from testimonial evidence," and "[i]f the jury is convinced beyond a reasonable doubt, we can require no more"); *Harrington,* 562 U.S. at 113 ("sufficient conventional circumstantial evidence" supported the verdict).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing

a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir. 2003).

To convict a defendant of first-degree murder in Michigan, the state must prove that a defendant's intentional killing of another was deliberated and premeditated. *See Scott v. Elo*, 302 F.3d 598, 602 (6th Cir. 2002)(citing *People v. Schollaert*, 194 Mich. App. 158; 486 N.W.2d 312, 318 (1992)).  The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001)(citing *People v. Anderson*, 209 Mich. App. 527, 537; 531 N. W. 2d 780

(1995)).  Premeditation may be established through evidence of the following factors:

> 1. the prior relationship of the parties;
> 2. the defendant's actions before the killing;
> 3. the circumstances of the killing itself;
> 4. the defendant's conduct after the homicide.

*Cyars v. Hofbauer,* 383 F.3d 485, 491 (6th Cir. 2004); *Anderson*, 209 Mich. App. at 527.

Although the minimum time required under Michigan law to premeditate "is incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look.'" *See Williams v. Jones,* 231 F. Supp. 2d 586, 594-95 (E.D. Mich. 2002)(quoting *People v. Vail,* 393 Mich. 460, 469; 227 N.W. 2d 535 (1975)).  "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the issue of premeditation." *Alder v. Burt,* 240 F. Supp. 2d 651, 663 (E.D. Mich. 2003).  "[A]n opportunity for a 'second look' may occur in a matter of seconds, minutes, or hours, depending upon the totality of the circumstances surrounding the killing." *Johnson,* 159 F. Supp. 2d at 596 (quoting *People v. Berthiaume*, 59 Mich. App. 451, 456 (1975)).  Premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. *See People v. Berry*, 198 Mich. App. 123, 128; 497 N. W. 2d 202

(1993). Use of a lethal weapon will support an inference of an intent to kill. *Johnson,*

159 F. Supp. 2d at 596 (*citing People v. Turner*, 62 Mich. App. 467, 470; 233 N.W.

2d 617 (1975)). Finally, premeditation and intent to kill may be inferred from

circumstantial evidence. *See DeLisle v. Rivers,* 161 F. 3d 370, 389 (6th Cir. 1998).

Petitioner was convicted of first-degree murder under an aiding and abetting

theory.

To support a finding under Michigan law that a defendant aided and abetted

in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other
> person;
> 2. the defendant performed acts or gave encouragement that assisted
> the commission of the crime; and
> 3. the defendant intended the commission of the crime or had
> knowledge that the principal intended its commission at the time he
> gave aid and encouragement.

*Riley v. Berghuis,* 481 F. 3d 315, 322 (6th Cir. 2007).

In order to be convicted under Michigan law of first-degree premeditated

murder under an aiding and abetting theory, the prosecutor is required to prove that

at the time of the killing the defendant either had the premeditated and deliberate

intent to kill the victim or that he or she participated knowing that the co-defendant

possessed this specific intent. *Puckett v. Costello*, 111 F. App'x 379, 382 (6th Cir.

2004)(quoting *People v. Youngblood*, 165 Mich.App. 381, 418 N.W.2d 472, 475 (1988)).

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981).   Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N. W. 2d 728 (1995).   The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton,* 196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992).

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *People v. Wilson*, 196 Mich. App. 604, 614; 493 N. W. 2d 471 (1992). The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995).   An aider and abettor's state of mind may be inferred from all of the facts and circumstances, including close association between

14

the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *Turner,* 213 Mich. App. at 568-69.

Mere presence, even with knowledge that a crime is being committed, is insufficient to establish that a defendant aided and abetted in the commission of the offense. *People v. Norris*, 236 Mich. App. 411, 419-20; 600 N. W. 2d 658 (1999); *Fuller v. Anderson*, 662 F. 2d at 424.  "[H]owever, a claim of mere presence is not a 'catch-all excuse' to defeat an inference of guilt beyond a reasonable doubt.  In evaluating a 'mere presence' defense, a factfinder must distinguish, based upon the totality of the circumstances, between one who is merely present at the scene and one who is present with criminal culpability." *See Long v. Stovall*, 450 F. Supp. 746, 754 (E.D. Mich. 2006)(internal citation omitted).  An aider and abettor who is intentionally present during the commission of a crime may be silent during the crime's commission, "but by his demeanor, or through behavior and acts not directly related to the crime, provide 'moral support' that is recognizable to, and relied upon by, the principal.  Such acts may be silent and may not be overt but may still amount to more than 'mere' presence." *Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). Michigan's "broad definition" of aiding and abetting "easily encompasses situations where the alleged aider and abettor, although silent and not committing acts directly

related to the crime, was not 'merely' present, but providing emotional encouragement and support." *Id.*

The Michigan Court of Appeals' conclusion that sufficient evidence supported petitioner's convictions as an aider and abettor to the three murders was reasonable, precluding habeas relief. Petitioner told Mr. Pye on the day after the shooting that he owed one of the victims, Mr. Owens, ten thousand dollars but said "F--- him." Petitioner told Mr. Pye that he believed Owens was going to go after him for the money. (ECF No. 8-27, PageID. 2867-68). Petitioner had motive for wanting Owens dead. On the day of the shooting, Mr. Pye overheard petitioner talking on the phone with one of the victims, which phone records showed was Owens, advising Mr. Owens that petitioner was on the block outside the home where the victims were shot. (ECF No. 8-26, PageID. 2644-45; ECF No. 8-27, PageID. 2810-11, 3/26/13 Trial Tr. at 45–46.). Petitioner actively waved the victims' car down when it arrived on the street. (ECF No. 8-27, Page. ID. 2815). Petitioner's brother, Roderick Gibson, warned Pye he should leave the area because "it's about to go down," referring to the imminent shooting. (ECF No. 8-27, PageID. 2806-07). Within seconds of petitioner flagging the victims down, Gibson's brother Roderick and Duane Thomas started shooting at the victims' car, killing all three occupants. (ECF No. 8-27, PageID. 2817-29).

In light of the evidence presented in this case, the Michigan Court of Appeals did not unreasonably apply clearly established federal law in determining that the evidence was sufficient to convict petitioner on an aiding and abetting theory. *See Brown v. Konteh,* 567 F. 3d 191, 209-12 (6th Cir. 2009).  In particular, "in light of the strong circumstantial evidence" that petitioner "was involved in the planning and execution of" these crimes, "at least one 'rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt.'" *Davis v. Lafler*, 658 F. 3d 525, 535 (6th Cir. 2011).  Moreover, when petitioner's case is reviewed pursuant to the AEDPA's "double deference" standard, this Court is unable to state that the Michigan Court of Appeals' decision that there was sufficient evidence to convict petitioner under an aiding and abetting theory was "so far out of line with the very general standard set forth in *Jackson v. Virginia* as to warrant granting [petitioner] habeas relief." *Id.*  Petitioner is not entitled to relief on his first or fourth claims.

### B. Claims # 2 and # 3. The Confrontation Clause/Ineffective assistance of trial counsel claims.

Petitioner in his third claim argues that his Sixth Amendment right to confrontation was violated by the admission of a non-testifying co-defendant's out-of-court statement.  Petitioner specifically points to his brother Roderick's statement

17

to Mr. Pye to move his car because "it's about to go down." In his second claim, petitioner argues that trial counsel was ineffective for failing to object.

The Michigan Court of Appeals rejected petitioner's claims on his appeal of right:

> The Confrontation Clause applies to out-of-court statements introduced at trial. However, the Confrontation Clause applies only to statements that are testimonial in nature. *People v. Taylor*, 482 Mich. 368, 374, 377–378; 759 NW2d 361 (2008). Statements are testimonial when made under circumstances that would lead an objective declarant to reasonably believe that they would be available for use at a later criminal proceeding. *Id.* at 377–378. Roderick's statement to Pye was not made under circumstances suggesting a reasonable belief that it would be used at a later trial. Roderick made the informal statement to Pye, a friend. The statement was not made in a testimonial capacity or in the context of any pending or contemplated legal proceeding. Accordingly, admission of the statement did not violate Jermar's rights under the Confrontation Clause. *Id.* at 378. The admissibility of the statement is instead governed by the Rules of Evidence. *Id.*
>
> *People v. Gibson*, 2015 WL 447197, at * 6.

Where a co-defendant's incriminating confession is admitted at a joint trial and the co-defendant does not take the stand, a defendant is denied the constitutional right of confrontation, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton v. United States*, 391 U.S. 123, 127-128 (1968).

The Confrontation Clause, however, is not implicated, and thus does not need to be considered, when non-testimonial hearsay is at issue. *See Davis v. Washington*, 547 U. S. 813, 823-26 (2006); *See also Desai v. Booker,* 538 F.3d 424, 425-26 (6th

18

Cir. 2008).  Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. *Crawford v. Washington,* 541 U.S. 36, 51-52, 56 (2004).  "[B]ecause it is premised on the Confrontation Clause, the *Bruton* rule, like the Confrontation Clause itself, does not apply to nontestimonial statements." *U.S. v. Johnson*, 581 F. 3d 320, 326 (6th Cir. 2009).

Roderick Gibson's statement to Mr. Pye did not qualify as testimonial statements covered by the Confrontation Clause because it was a casual remark made to a friend or acquaintance and not one made to law enforcement. *See Desai,* 538 F. 3d at 427.  Petitioner is not entitled to relief on his Confrontation Clause claim.

Petitioner also argues that trial counsel was ineffective for failing to object to the admission of his brother's out-of-court statement.

To prevail on his ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

The references to the Roderick Gibson's statement to Mr. Pye did not violate the holding in *Bruton* or the Confrontation Clause in any way; counsel's failure to object to this testimony did not amount to ineffective assistance of counsel. *See U.S. v. Johnson*, 581 F. 3d at 328.  Petitioner is not entitled to relief on his second or third claims.

### B. Claims # 5-8.   Petitioner's remaining claims are procedurally defaulted or without merit.

Respondent claims that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the

20

constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Gibson*, 501 Mich. at 1080. The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Gibson*, No. 337347 (Mich.Ct.App. May 25, 2017). These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last

21

reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Wayne County Circuit Court judge, in rejecting petitioner's post-conviction claims, first cited M.C.R. 6.508(D)(3) and its requirement that a defendant show cause and prejudice for failing to raise an issue on direct appeal. (ECF No. 8-36, PageID. 3442). The judge then concluded that all of the issues raised by petitioner could have been raised on his direct appeal and thus petitioner was required to show good cause for failing to raise the claims on his appeal and actual prejudice before the court could grant relief. (*Id.*). The judge indicated that petitioner was alleging ineffective assistance of appellate counsel as cause. The judge stated he would review petitioner's issues to determine whether he had established good cause and prejudice. (*Id.* at 3442-43). The judge reviewed each claim and found them to be without merit. The judge concluded that appellate counsel was not ineffective for failing to raise each issue on the appeal of right and thus petitioner failed to show good cause and/or actual prejudice. (*Id.,* PageID. 3443-50).

The judge's language in his opinion was sufficient to invoke the provisions of M.C.R. 6.508(D)(3) to procedurally default petitioner's claims. *See Reeves v. Campbell,* 708 F. App'x 230, 237–38 (6th Cir. 2017)(State court rested its judgment on procedural default as would bar Sixth Circuit from reviewing petitioner's habeas claim; state habeas court stated that petitioner's claim "could have been raised on

22

appeal or in a prior motion," and cited to Michigan Court rule prohibiting court from giving relief if the defendant's motion alleged grounds for relief that could have been raised on appeal from the conviction and sentence or in prior motion); *Friday v. Pitcher*, 99 F. App'x 568, 574 (6th Cir. 2004)(judge's finding that petitioner failed to establish good cause for failing to raise his claim on direct appeal was sufficient to invoke the procedural bar contained in M.C.R. 6.508(D)(3)). The fact that the trial judge may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Petitioner's remaining claims are procedurally defaulted.[1]

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant does not

---

[1] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F. 3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

have a constitutional right to have appellate counsel raise every non-frivolous issue

on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States

Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying

good arguments-those that, in the words of the great advocate John W. Davis, 'go

for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at

463 U.S. at 753 (citations omitted).

> The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are

"properly left to the sound professional judgment of counsel." *United States v.*

*Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate

advocacy" is the "process of 'winnowing out weaker arguments on appeal and

focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536

(quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that petitioner raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed a twenty one page appellate brief which raised four claims, which are basically the first four claims raised by petitioner in his original petition. [2] Petitioner has not shown that appellate counsel's strategy in presenting these four claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to

---

[2] *See* Defendant-Appellant's Brief on Appeal, ECF No. 8-31, PageID. 3240-63.

establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010). Moreover, although petitioner claims that appellate counsel was ineffective because he was under investigation by the Attorney Grievance Commission at the time of the appeal and also failed his ethical obligation to provide petitioner with a copy of his appellate brief, a breach of an ethical standard does not necessarily make out the denial of the Sixth Amendment guarantee of the assistance of counsel under *Strickland. Burt v. Titlow,* 571 U.S. 12, 248 (2013); *Nix v. Whiteside*, 475 U.S. 157, 165 (1986). Petitioner failed to show that appellate counsel was ineffective; he is not entitled to relief on his claim.

In the present case, petitioner has failed to show cause to excuse his default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his

defaulted claims as a ground for a writ of habeas corpus in spite of the procedural default.   Petitioner's sufficiency of evidence claim (Claim # 1) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).   For the reasons stated by the Wayne County Circuit Court in rejecting petitioner's post-conviction claims and by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, petitioner failed to show that his procedurally defaulted claims have any merit.   Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

## IV.  CONCLUSION

The Court will deny the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). [3]

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *Id.*

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v.*

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).   Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).   "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765.   Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id*.

## V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

s/Denise Page Hood
HON. DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2022